**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>ORLANDO CORDOVA<br><br>DEBTOR | CASE NO. 16-01368<br><br>CHAPTER 13 |

**MOTION FOR CONVERSION TO CHAPTER 7**

TO THE HONORABLE COURT:

COMES NOW Empresas Puertorriqueñas De Desarrollo, Inc. ("Empresas"), through its undersigned counsel, and most respectfully requests that the present case be converted to Chapter 7. In support thereof, Empresas, STATES:

1. On February 25, 2016, Debtor filed a petition under Chapter 13 of the Bankruptcy Code. See: Docket No. 1.

2. Although the Schedules have not been filed, as of this date eight (8) proofs of claim have been filed, to wit:

   a. Proof of Claim No. 1 by Banco Santander Puerto Rico, in the amount of $16,551.14 (Exhibit 1);

   b. Proof of Claim No. 2 by Empresas in the amount of $376,476.52 (Exhibit 2);

   c. Proof of Claim No. 3 by Banco Popular in the amount of $487.15 (Exhibit 3);

1

    d. Proof of Claim No. 4 by Banco Popular in the amount of $135.33 (Exhibit 4);

    e. Proof of Claim No. 5 by Banco Popular in the amount of $167.49 (Exhibit 5);

    f. Proof of Claim No. 6 by Banco Popular in the amount of $352.61 (Exhibit 6);

    g. Proof of Claim no. 7 by Banco Popular in the amount of $33.10 (Exhibit 7);

    h. Proof of Claim No. 8 by Banco Popular in the amount of $478.49 (Exhibit 8).

3. The total amount of unsecured debt shown pursuant to the proofs of claim filed as of the time of the filing of this motion is **$394,681.83**.

4. Even though the bar date has not expired, it is already evident that the Debtor is **not eligible** for relief under Chapter 13 of the Bankruptcy Code.

5. Section 109 (e) of the Bankruptcy Code, 11 U.S.C.A., provides that

> **(e)** Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, **unsecured debts of less than $383,175**[1] and noncontingent, liquidated, secured debts of less than $1,149,525[1], or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $383,175[1] and

noncontingent, liquidated, secured debts of less than $1,149,525[1] may be a debtor under chapter 13 of this title.

6. The limits created by § 109 are <u>jurisdictional</u> and, although the schedules are the starting point, in determining the amounts, a bankruptcy court may look past the schedules to other evidence submitted, including proofs of claim filed in the case, when an objection to the debtor's eligibility under § 109(e) is raised. In re Piovanetti, 496 B.R. 57 (Bankr. P.R. 2013); In re Guastella, 341 B.R. 908 (B.A.P. 9th Cir. 2006); In re De Jounghe, 334 B.R. 760, 768, 2005 WL 3359698 (B.A.P. 1st Cir. 2005); In re Brown, 302 B.R. 913, 915 (Bankr. D. Or. 2003); In re Soderlund, 236 B.R. 271, 273 (9th Cir. BAP 1999).

7. After all, as stated by the Honorable Judge Enrique Lamoutte in Piovanetti, "[T]he court cannot allow a debtor to self-determine his/her own bankruptcy eligibility." In re Piovanetti, 496 B.R. at 62.

**WHEREFORE**, Empresas respectfully requests this Court to convert the case to Chapter 7, with such other and further relief as is just and proper in this case.

### NOTICE

**Within fourteen (14) days after services as evidenced by the certification and an additional three (3) days pursuant to Fed. R. Bank. P. 9006 (f) is you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested**

**relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

**CERTIFICATION**: It is hereby certified that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to debtor's attorney, and all participants of the CM/ECF system.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 10th day of March, 2016.

/s/ ELDIA M. DIAZ OLMO
USDC No. 128003
PO Box 363952
San Juan, PR 00936-3952
Tel. (787) 641-7355
Fax (787) 641-7354
E-mail:diazolmo@villamil.net