**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: <br><br> ORLANDO CORDOVA <br><br> DEBTOR | CASE NO. 16-01368 <br><br> CHAPTER 13 |

**BRIEF REPLY TO OPPOSITION FILED BY DEBTOR TO MOTION FOR CONVERSION TO CHAPTER 7 (DOCKET NO. 32)**

TO THE HONORABLE COURT:

COMES NOW Empresas Puertorriqueñas De Desarrollo, Inc. ("Empresas"), through its undersigned counsel, and most respectfully STATES AND PRAYS:

1. On March 10, 2016, Empresas filed a "Motion for Conversion to Chapter 7". See: Docket No. 15.

2. Although other grounds for conversion exist-- and they are not waived-- the motion is solely grounded on the fact that Debtor, whose unsecured debts exceed the amount of $383,175, does not qualify to be a debtor under Chapter 13. Simply stated, debtor fails to comply with the limits imposed by Section 109 (e) of the Bankruptcy Code.

3. The Motion was limited to that ground precisely because, (a) it is a jurisdictional matter that must be promptly considered by the Court and (b) such determination is readily ascertainably from the record and does not need a hearing. In re Piovanetti, 496 B.R. 57 (Bankr. P.R. 2013).

4. Now, in a desperate effort to avoid conversion, debtor frivolously alleges that the judgment entered by the Superior Court of Puerto Rico in which the amount owed by Debtor to Empresas was determined is not a final judgment.

5. Said reckless allegation was already made to the Superior Court of Puerto Rico, who, by order dated January 27, 2015, correctly **rejected** the same and determined that pursuant to the laws of Puerto Rico the judgment was final. See: **Exhibit "A"**. Thus, the amounts owed by Debtor to Empresas have been already determined by a final judgment.

6. Furthermore, the motion lacks any scintilla of merits because even assuming that the judgment were not final, and there was a dispute as to amount, such claim would still be a liquidated claim for purposes of Section 109 (e). Whether a debt is disputed is not relevant to its state as "liquidated" debt. In re Mazzeo, 131 F.3d 295, 304 (2d Cir. 1997).

7. Finally, contrary to the assertions made by Debtor, since there is no jurisdiction for the filing of a Chapter 13, it is precisely in protection of the best interests of all creditors that the case should be promptly converted and a Trustee appointed.

**WHEREFORE**, Empresas respectfully requests this Court to promptly convert the case to Chapter 7, with such other and further relief as is just and proper in this case.

**CERTIFICATION**: It is hereby certified that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to debtor's attorney, and all participants of the CM/ECF system.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, on this 19th day of April 2016.

                                        **/s/ ELDIA M. DIAZ OLMO**
                                        USDC No. 128003
                                        PO Box 363952
                                        San Juan, PR  00936-3952
                                        Tel. (787) 641-7355
                                        Fax (787) 641-7354
                                        E-mail:diazolmo@villamil.net